UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>                    Plaintiff,<br><br>   v.<br><br>TERRY J. BENDA, CLARK STUHR,<br><br>                    Defendants. | No. C12-5629 RBL/KLS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SEAL |

Before the Court is Defendant William E. Riley's Motion to Seal Defendant's Motion to Dismiss. ECF No. 16. Defendant asks the Court to seal his motion to dismiss and attached declaration filed on October 2, 2012. ECF No. 13. Defendant Riley submits a redacted motion to dismiss and declaration to be filed in their place. ECF No. 18.

**DISCUSSION**

Local Civil Rule 5(g) allows the court to seal documents and other evidence upon a showing that a party cannot avoid filing a document under seal and a statute, rule, or prior court order expressly authorizes the party to file the document under seal or a party files a motion or stipulated motion to seal before or at the same time the party files the sealed document. LCR 5(g)(1)-(2).

Plaintiff James Curtis is a current Washington State inmate who has filed this civil rights action against Defendant Riley alleging an Eighth Amendment violation. ECF No. 5. Plaintiff's claims stem from alleged conversations regarding Mr. Curtis' gang affiliation. On November 6, 2012, Defendant Riley's counsel and Mr. Curtis spoke and both parties agreed that Defendant

ORDER - 1

Riley's motion to dismiss should be sealed and the attached redacted motion to dismiss be filed in its place. ECF No. 16, Exhibit 1, Declaration of Brian J. Considine.

According to Defendant Riley, the amount of protected material contained in the already filed motion to dismiss (ECF No. 13) is minimal and the redacted motion to dismiss will allow any party, including the public, to access the substantive factual and legal issues underlying Defendant Riley's motion to dismiss. ECF No. 16, Exhibit 1 (Considine Decl.). Additionally, Defendant Riley and Mr. Curtis submit that failure to seal Defendant Riley's motion to dismiss may put the Plaintiff's safety at risk and the filing of the Defendant's redacted motion to dismiss ensures that only sensitive information is kept sealed from the public. *Id.* According to Defendant Riley, the Department of Corrections also has a strong interest in the non-disclosure of the information redacted in Defendant Riley's motion to dismiss and the attached declaration. *Id.*

Accordingly, it is **ORDERED:**

(1) Defendant Riley's motion to seal (ECF No. 16) is **GRANTED.**

(2) Defendant's motion to dismiss with attached Declaration of Brian J. Considine (ECF No. 13) shall be **SEALED.**

(3) The Clerk shall **unseal** the redacted motion to dismiss and declaration of Brian J. Considine (ECF No. 16-1, pp. 1-9).

(4) The Clerk shall send a copy of this Order to all parties.

**DATED** this   9th   day of January, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2