UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD CURTIS,

Plaintiff,

v.

WILLIAM E. RILEY, CLARK LEE STUHR,

Defendants.

No. C12-5629 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: April 19, 2013**

Defendant William E. Riley moves to dismiss Plaintiff's claims against him for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 20[1]. Plaintiff James Edward Curtis filed no response in opposition. His failure to respond may be considered by the Court as an admission that the motion has merit. CR 7(b)(2), Local Rules W.D. Wash.

Having carefully considered the motion and balance of the record, the Court recommends that the motion to dismiss be granted and that Plaintiff's claims be dismissed without leave to amend as he has failed to state a cognizable claim under 42 U.S.C. § 1983. Because Plaintiff's claims against fellow inmate Clark Lee Stuhr are predicated on a conspiracy to violate his federal constitutional rights and he has failed to state a federal constitutional claim, his claims against Mr. Stuhr should also be dismissed.

[1] Defendant Riley's motion to dismiss was originally docketed at ECF No. 13. A redacted motion to dismiss was filed in its place at ECF No. 20.

**STANDARD OF REVIEW**

A court will dismiss a claim if it lacks sufficient factual material to state a claim that is plausible on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). A complaint that merely restates the elements of a cause of action and is supported only by conclusory statements cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66. When evaluating a motion to dismiss, a court is not required to accept as true factual allegations that are based on unwarranted deductions of fact or inferences that are unreasonable in light of the information provided in the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court may, in its discretion, dismiss a prisoner's complaint with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969), *reh'g denied*, 396 U.S. 869, 90 S. Ct. 35 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972), *reh'g denied*, 405 U.S. 948, 92 S. Ct. 963 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also, Jones v. Community Redevelopment Agency*, 733 F.2d 646,

649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

**STATEMENT OF THE CASE**

Plaintiff James E. Curtis, *pro se,* filed this 42 U.S.C. ¶ 1983 civil rights action against Defendant William E. Riley and Inmate Clark Lee Stuhr. Mr. Stuhr has not entered an appearance in this matter, although he did sign the Waiver of Service of Summons. ECF No. 9. Mr. Riley is an employee of the Washington Department of Corrections (DOC). Mr. Curtis alleges that Mr. Stuhr "is a state actor for his willful participation" in a conspiracy with Mr. Riley. ECF No. 5, p. 31.

Mr. Curtis alleges that Mr. Riley is the Statewide Security Threat Group (STG) Coordinator and that Inmate Clark Stuhr is a confidential informant who works for Defendant Riley and other STG investigators. ECF No. 5, pp. 4-8. According to Mr. Curtis, Mr. Stuhr is a member of the Aryan Family, a white supremacist prison gang that advocates lawlessness and violence in the prison. Mr. Curtis alleges that Mr. Stuhr told Mr. Riley that Mr. Curtis is a member of the Aryan Family and that Mr. Riley then used this false information to "validate" Mr. Curtis as an Aryan Family gang member. *Id.*, pp. 8-9. Mr. Curtis states that he is not a white supremacist or separatist and that he has never been a member of the Aryan Family. *Id.*, p. 8.

Mr. Curtis alleges that Mr. Riley and the STG engaged in a covert counter-intelligence program against him to destroy his reputation and positive influence as a potential jailhouse journalist and whistle-blower. ECF No. 5, pp. 11-12. He alleges that Mr. Riley and Mr. Stuhr met on many occasions and that at a meeting in 2003 at the Clallam Bay Corrections Center, they entered into a conspiracy to falsely hang a "Rat Jacket" on Mr. Curtis to have him assaulted or

murdered and to destroy the growing respect and positive influence Mr. Curtis alleges that he enjoys in the inmate population. *Id.*, pp. 13-15. Mr. Curtis alleges that both Mr. Riley and Mr. Stuhr were aware that by labeling him a "rat" or a "snitch," he would then be identified within DOC's violent prisons as a "legitimate target for assault and murder." *Id.*, p. 13. Mr. Curtis alleges that he was subsequently called a snitch and threatened with death by Defendant Stuhr on two occasions. *Id.*, p. 19. He does not, however, say when this occurred.

Mr. Curtis also alleges that in 2004, Defendant Riley met with Richard Carmichael, an inmate and self-described founder of the Aryan Family, at a prison in Nevada. According to Mr. Curtis, Mr. Riley advised Mr. Carmichael that Mr. Curtis had debriefed and revealed a lot of information about the Aryan Family. As a result of this meeting, Mr. Curtis alleges that the Aryan Family placed a "hit" on him. ECF No. 5, p. 21.

Due to this alleged conspiracy, Mr. Curtis alleges that he has been continually housed in solitary confinement on involuntary protective custody status "pending an out of state transfer" since August 28, 2009[2]. He claims that he lives in a constant state of fear, he is denied visits with non-immediate family members while in solitary confinement, he is denied privileges and comforts enjoyed by inmates in general population, is housed alongside gang members who subject him to verbal harassment and threats, and is being subjected to sensory deprivation, and social isolation. ECF No. 5, pp. 22-25.

Mr. Curtis alleges that through their conspiracy, Mr. Riley and Mr. Stuhr (or alternatively, Mr. Riley alone) subjected him to cruel and unusual punishment by intentionally endangering his safety in violation of the Eighth Amendment. ECF No. 5, pp. 32-33. Mr. Riley seeks $1 million in compensatory damages, $1 million in punitive damages, an injunction to

[2] The docket reflects that Mr. Curtis is currently housed at an out of state facility in St. Cloud, MN.

prevent Defendants "from continuing to violate" his rights, a transfer, and preventing defendants from discussing him with any other inmate or prison official "for any reason." *Id.*, pp. 35-36.

The meetings and conspiracy between Mr. Riley and Mr. Stuhr allegedly took place in 2003. The meeting between Mr. Riley and Mr. Carmichael and the "hit" that was subsequently put out on Mr. Curtis allegedly took place in 2004. Both incidents occurred well past the applicable three year statute of limitations for § 1983 civil rights action and Mr. Curtis did not file his complaint in this action until July 18, 2012. ECF No. 5. However, Mr. Curtis alleges that he did not learn of the conspiracy between Mr. Riley and Mr. Stuhr or of the meeting between Mr. Riley and Mr. Carmichael until January 4, 2012. ECF No. 5, p. 27. Assuming that Mr. Curtis is appearing to allege that the "discovery rule" applies to all of his claims, Defendant Riley has not addressed the statute of limitations in his motion to dismiss and it will not be analyzed here.

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649

(9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

Plaintiff's allegations are taken as true for this 12(b)(6) motion. Liberally construed, Mr. Curtis' complaint alleges that Mr. Riley and Mr. Stuhr conspired to have him labeled a "snitch" knowing that the label would place him in danger. He also alleges that a "hit" was put out on him by the Aryan Family after Mr. Riley informed the head of the Aryan Family that Mr. Curtis had debriefed and divulged a lot of information about the Aryan Family. According to Mr. Curtis, the snitch label and hit occurred in 2003 and 2004, but he did not learn of these until January 2012. On the other hand, Mr. Curtis alleges that he has been harmed by being forced into protective custody since 2009 and has lived in constant fear of being assaulted or murdered.

**A. Eighth Amendment Claim -- Defendant Riley**

"[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (*quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.1988)).

> It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious,".... For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

Id. at 834 (citations omitted).

Defendant Riley argues that the facts alleged in this case make it distinguishable from *Valandingham v. Bojorquez,* 866 F.2d 1135, 1136 (9th Cir. 1989), where the court held that a retaliation claim did not require actual harm but rather, the threat of being labeled a snitch was sufficient if in retaliation for filing legal actions. The holding of *Valandingham* is not, however,

limited to retaliation claims. Rather, the deliberate spreading of rumors that a prisoner is a snitch may state a claim for violation of the prisoner's right to be protected from violence while in custody. *Id.*, at 1138. Therefore, the fact that Mr. Curtis brought his claim under the Eighth Amendment and not for retaliation under the First Amendment is not dispositive.

Defendant Riley also argues that 42 U.S.C. § 1997e(e) bars Mr. Curtis' claim because he has alleged only emotional distress. Pursuant to § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This means that a prisoner may not obtain compensatory damages for mental or emotional injury if the "physical injury" is *de minimis*. *Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002). However, section 1997e(e) only restricts the availability of certain types of relief (monetary damages in some instances) while leaving open the possibility of nominal and punitive damages. *Id.* at 630 (*citing Searles v. Van Bebber,* 251 F.3d 860, 879-81 (10th Cir. 2001) (even absent physical injury, prisoner was entitled to seek nominal and punitive damages under § 1997e(e)).

In this case, Mr. Curtis has failed to state a claim under the Eighth Amendment because he fails to allege that prison officials knew of and disregarded threats or actual harassment by other inmates based on his having been labeled a "snitch." *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Morgan v. MacDonald*, 41 F.3d 1291, 1293-93 (9th Cir. 1994). Without allegations of actual danger or threats related to being identified as a "snitch," Mr. Curtis's allegations are insufficient to state a claim that he had suffered an atypical and significant hardship when prison officials refused to correct this problem after he submitted grievances bringing it to their attention. *See Sandin v. Conner,* 515 U.S. 472, 783-83, 115 S.Ct.

2293, 132 L.Ed.2d 418 (1995); *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Mr. Curtis alleges that he is in protective custody, that Mr. Stuhr threatened his life, and that he has lived in fear of assault and murder *because* Mr. Riley and Mr. Stuhr conspired to have a "snitch jacket" placed on him. His allegations are conclusory and speculative.

For example, Mr. Curtis fails to allege when the threats by Mr. Sturhr occurred. He does not allege that Defendant Riley (or any other prison official) was aware of the threats. In addition, Mr. Curtis' conclusory allegation that he is in protective custody *because* of the snitch label is not supported by factual allegations. Mr. Curtis alleges that the snitch labeling occurred in 2003 and the "hit" was placed after the 2004 meeting in Nevada, but he was placed in protective custody in 2009. There is no allegation that prison officials were aware of specific threats against his life and that in response to those threats, placed Mr. Curtis in protective custody. Mr. Curtis' allegations of living in fear of assault or murder are also generalized and speculative. According to Mr. Curtis, he did not even know about the alleged conspiracy to label him a snitch or the "hit" until January of 2012. Presumably then, his fears did not arise until that time. Finally, by the time Mr. Curtis alleges that he heard about the snitch label and "hit" in 2012, he had already been in protective custody for almost three years.

Mr. Curtis has failed to allege that he has suffered, or is in immediate danger of suffering "an objectively, sufficiently serious" deprivation or injury that may be fairly attributed to Mr. Riley. *See Farmer*, 511 U.S. at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Thus, his Eighth Amendment failure to protect claim should be dismissed.

**B. Eighth Amendment Claim Against Fellow Inmate**

Mr. Curtis alleges that Inmate Stuhr, who is not a state actor, may be held liable under the Eighth Amendment because he conspired with Mr. Riley, who is a state actor.

A private individual may be liable under § 1983 if he conspired or entered joint action with a state actor. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir.), *cert. denied*, 534 U.S. 1020, 122 S.Ct. 545, 151 L.Ed.2d 423 (2001). To prove a conspiracy between Mr. Riley and Mr. Stuhr, Mr. Curtis must show "an agreement or 'meeting of the minds' to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir.1989) (quotations omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id*. at 1541.

Because § 1983 creates liability for deprivations of federal rights "under color of state law," Mr. Stuhr cannot be liable unless he conspired or acted jointly with state actors to deprive Mr. Curtis of his constitutional rights. *See Phelps Dodge*, 865 F.2d at 1540. Thus, any claim against Mr. Stuhr is dependent on evidence that he conspired with Mr. Riley to violate Mr. Curtis' Eighth Amendment rights. As noted above, however, Mr. Curtis has failed to state a claim for violation of his Eighth Amendment or any other constitutional right. Therefore, his claims against Defendant Stuhr should also be dismissed.

**CONCLUSION**

The undersigned recommends that Defendant Riley's motion to dismiss (ECF No. 20) be **GRANTED** and that Plaintiff's claims against him be **dismissed with prejudice**. The undersigned further recommends that Plaintiff's claims against Defendant Stuhr be **dismissed with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 19, 2013**, as noted in the caption.

**DATED** this 29th day of March, 2013.

Karen L. Strombom
United States Magistrate Judge